```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                             EASTERN DIVISION


Capital One Bank (USA), N.A.,  :

         Plaintiff,            :

v.                            :    Case No. 2:13-cv-325

                              :    JUDGE MICHAEL H. WATSON
Dennis A. Givens,                  Magistrate Judge Kemp
                              :
         Defendant.           :
```

REPORT AND RECOMMENDATION

This case is before the Court to consider a motion to remand
filed by plaintiff Capital One Bank (USA), N.A. ("Capital One").
(Doc. #8).  For the reasons that follow, it will be recommended
that the motion to remand be granted.

I. Introduction

Capital One brought this action in the Belmont County Court
attempting to recover money owed to it by Mr. Givens pursuant to
his use of a Platinum Visa charge account.  (Doc. #2, Ex. A).
More specifically, Capital One alleged that Mr. Givens owed it
the principal sum of $2,296.07, accrued interest in the amount of
$367.01 through August 26, 2006, and additional interest at the
rate of 24.990% per annum and costs pursuant to the terms of a
Platinum Visa agreement.  Id.  On July 11, 2007, the Court
entered judgment in favor of Capital One and against Mr. Givens.
Id., Ex. B.  Thereafter, Capital One attempted to garnish federal
benefits paid to Mr. Givens.

Mr. Givens removed the case from state court to this Court
on April 8, 2013, based on this Court's federal question
jurisdiction. (Doc. #1).  On May 20, 2013, Capital One moved to
remand this case to state court.  (Doc. #8).  Its sole argument

is that the claims pending in this case, garnishment claims, do not arise under the laws of the United States.  On this basis, Capital One argues that this Court lacks jurisdiction over this matter and seeks remand to Belmont County Court.

In his responsive memorandum, Mr. Givens argues that this is not an ordinary garnishment proceeding because Capital One is seeking to obtain his protected federal benefits.  On this basis, Mr. Givens argues that this Court has federal question jurisdiction, removal is proper, and remand is inappropriate. For the reasons that follow, this Court agrees with Capital One and will recommend that this case be remanded to Belmont County Court.

## II. Discussion

Removal is a process by which certain cases filed in a state court may be brought, by the defendant, to a federal court such as the United States District Court.  The right to removal is a statutory right, meaning that Congress has created the procedures by which a case can be removed.  Congress, of course, cannot create federal court jurisdiction - only Article III of the United States Constitution can do that - but it can pass laws which govern how cases which may constitutionally be heard by a federal court can be filed in such a court, and the removal statutes do exactly that.

The general right to remove a case filed in a state court is set forth in 28 U.S.C. § 1441(a).  That statute says:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

This statute means what it says - that in order for a case to be removed from a state court to a federal court, the state case has

-2-

to be one over "which the district courts of the United States
have original jurisdiction...."  The question then becomes
whether the action which Capital One filed in the Belmont County
court is one which could originally have been filed here *by the
plaintiff*.  If not, Mr. Givens did not have the statutory right
to remove it.

Before addressing that question, a few comments on the
removal statute are in order.  First, the Court almost always has
to look just at the complaint filed by the state court plaintiff
to see if the case can be removed - that is, to see if the
complaint states a claim that could initially have been filed in
a federal court if the plaintiff (here, Capital One) had chosen
to do that.  This is called the "well-pleaded complaint" rule.
As the Supreme Court has explained it, this rule requires that a
federal law controversy "must be disclosed upon the face of the
complaint, unaided by the answer or by the petition for removal."
Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936).  Some
exceptions to that rule exist, but they are reserved for those
situation where some other federal law, like ERISA (which governs
employee welfare and insurance plans offered by employers) so
completely covers a particular area of law that there are no
state law claims left for a plaintiff to plead, only federal
ones.  These situations are rare, and appear so far to be limited
to "two categories of cases where [the Supreme] Court has found
complete pre-emption - certain cases under the LMRA [the Labor-
Management Relations Act] and ERISA...."  Beneficial Nat'l Bank
v. Anderson, 539 U.S. 1, 8 (2003).

It is more common that even when a complaint does not plead
any type of claim over which a federal court would have
jurisdiction, the state court defendant might have a defense to
the plaintiff's claim which arises under federal law.  But the
well-pleaded complaint rule doesn't allow the federal court to

-3-

look at defenses in deciding if a case can be removed.  See
Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).  Also,
the federal courts have to read the removal statutes narrowly -
that is, the federal courts must resolve any doubts about
removability in favor of keeping a case in the state court -
because removing a case interferes with the state court's
jurisdiction.  See Brierly v. Alusuisse Flexible Packaging, Inc.,
184 F.3d 527, 534 (6th Cir. 1999); see also Long v. Bando Mfg.
Co. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("because
they implicate federalism concerns, removal statutes are to be
narrowly construed").

One of the more common reasons that a case is removed from
state to federal court is that the case falls within what is
called "federal question jurisdiction."  Article III of the
Constitution gives the federal courts the power to hear cases
which arise under the Constitution, laws or treaties of the
United States, and Congress has authorized federal District
Courts to exercise "original jurisdiction of all civil actions
arising under the Constitution, laws, or treaties of the United
States."  28 U.S.C. §1331.  So, does Capital One's claim against
Mr. Givens arise under a law of the United States?

Clearly, the complaint itself does not contain any federal
law claims.  Capital One sued Mr. Givens on an account or under a
contract, and that claim arose purely under state law.  Although
Mr. Givens appears to be claiming that by attempting to garnish
his bank account, which he says contains only SSI payments,
Capital One is violating federal law, that argument is a
potential defense he has to what Capital One is doing, and it is
not part of Capital One's claim.  As the Court said earlier in
this Report and Recommendation, the federal court has to look at
the complaint and not to any defenses in order to determine if a
case could have been filed here originally (and therefore removed

-4-

if it was filed in state court instead).  Consequently, whether
Mr. Givens may have a defense to the garnishment based on federal
law is simply not something that the Court can take into account.

The fact that he cannot remove this case based on the
existence of a potential federal law defense does not, of course,
mean that he cannot raise that defense in state court.  He
certainly can, and the courts of Ohio are both bound to follow
federal law and have the jurisdiction to decide federal law
questions.  That is, "State courts have both the power and duty
to enforce obligations arising under federal law ...."  Society
Nat'l Bank v. Kienzle, 11 Ohio App.3d 178, 181 (Cuyahoga Co. App.
1983), citing Claflin v. Houseman, 93 U.S. 130 (1876); Testa v.
Katt, 330 U.S. 386, 391-93 (1947).  It is just that he cannot use
that defense to remove the case to this Court.

The notice of removal seems clearly to rely only on federal
question jurisdiction as the basis of removal.  Even if Mr.
Givens were claiming diversity jurisdiction as an alternate basis
for removal, the record does not support federal jurisdiction
based upon these facts.  Diversity jurisdiction may be exercised
only where, if the other requirements of that jurisdiction are
met, the amount in controversy exceeds the sum or value of
$75,000, exclusive of interest and costs.  See 28 U.S.C. §1332.
Even construing the pleadings liberally because Mr. Givens is
proceeding pro se, Haines v. Kerner, 404 U.S. 519, 520-21 (1972),
Mr. Givens cannot show that such sums are involved in the case.
As the removing party, he "bears the burden of satisfying the
amount-in-controversy requirement."  Everett v. Verizon Wireless,
Inc., 460 F.3d 818, 822 (6th Cir. 2006).  He has not done so.

### III.  Recommended Disposition

For the reasons set out above, the Court recommends that
Capital One's motion to remand (Doc. #8) be granted and that this
case be remanded to Belmont County Court.

-5-

IV. <u>Procedure on Objections</u>

If any party objects to this <u>Report and Recommendation</u>, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the <u>Report and Recommendation</u> will result in a waiver of the right to have the district judge review the <u>Report and Recommendation</u> <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the <u>Report and Recommendation</u>.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


                                   /s/ Terence P. Kemp
                                   United States Magistrate Judge